**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

AMERICAN COUNCIL ON THE
TEACHING OF FOREIGN LANGUAGES,
         Plaintiff,

         v.

AVANT ASSESSMENT, LLC
and
GLOBAL SEAL OF BILITERACY, LLC,
         Defendants.

CIVIL ACTION NO.: ___1:26-cv-292___

AMERICAN COUNCIL ON THE TEACHING OF FOREIGN LANGUAGES ("ACTFL") ("Plaintiff"), by counsel, hereby files this Verified Complaint against AVANT ASSESSMENT, LLC ("Avant") and GLOBAL SEAL OF BILITERACY, LLC ("Global Seal") (together, the "Defendants" and each a "Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1.    This action is for willful federal trademark infringement, unfair competition, and false advertising involving claims arising under the Lanham Act 15 U.S.C. §§ 1051 et seq.; and for state trademark infringement and unfair competition under the laws of the Commonwealth of Virginia, involving claims arising under the Trademark Registration and Protection Act, Virginia Trademark and Service Mark Act §59.1-92.1 et seq., and Virginia common law.

2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367 because such state law claims are joined with and related to claims under the Lanham Act.

3.      This Court has personal jurisdiction over Avant Assessment, LLC as the Defendant transacts business in this district and/or committed the acts forming the basis of this Verified Complaint within the district. Therefore, Defendant Avant is subject to personal jurisdiction in Virginia.

4.      This Court has personal jurisdiction over Global Seal of Biliteracy, LLC as the Defendant transacts business in this district and/or committed the acts forming the basis of this Verified Complaint within the district. Therefore, Defendant Global Seal is subject to personal jurisdiction in Virginia.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because certain events or omissions giving rise to the claims in this action occurred in the Alexandria Division where Plaintiff ACTFL's primary business office is located, and because Defendants are subject to this Court's personal jurisdiction with respect to this action.

## THE PARTIES

6.      Plaintiff American Council on the Teaching of Foreign Languages ("ACTFL") is a New York not-for-profit corporation with its principal place of business located at 1001 N. Fairfax Street, Suite 200, Alexandria, Virginia 22314.

7.      Upon information and belief, Defendant Avant Assessment, LLC is a Limited Liability Company formed under the laws of Oregon with its principal place of business located at 940 Willamette Street, Ste 530, Eugene, Oregon 97401.

8.      Upon information and belief, Defendant Global Seal of Biliteracy, LLC is a Limited Liability Company formed under the laws of Illinois with a business address of 22408 Parkview Lane, Frankfort, Illinois 60423.

2

9.   Plaintiff ACTFL is the owner of the trademarks which are the subject of this lawsuit.

10.   Language Testing International, Inc. ("LTI") is ACTFL's exclusive licensee subject to a Master Agreement executed in 2018 between the parties (the "Exclusive License Agreement").

11.   Upon information and belief, Global Seal was founded and is sponsored by Avant and David Bong, the Chief Executive Officer of Defendant Avant, and promotes the Infringing Uses (as defined herein) on behalf of itself and Avant.

## FACTS

12.   Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 11.

### *Plaintiff and the ACTFL Marks*

13.   Plaintiff ACTFL is a non-profit membership association which offers a variety of training and certification programs designed to meet the needs of world language educators, researchers, and administrators.  ACTFL provides resources as well as programming and workshops with the goal to advance the practice of language learning. As part of its certification programs, ACTFL has developed tests in order to assess the ability of persons to communicate in foreign languages.

14.   ACTFL has also developed materials and a protocol for training individuals having the required knowledge and skills, under appropriate confidentiality agreements, to act as testers and/or raters of its tests, and ACTFL trains and certifies testers and raters.

15.   In furtherance of its mission and business operations, ACTFL conducts, creates, develops, and publishes innovative quality research, standards, assessments, publications, and other

professional development tools.

16.    ACTFL's product and service offerings described above, and other goods and services related thereto in the field of foreign language education (collectively, hereinafter the "ACTFL Goods and Services") are offered by Plaintiff ACTFL and its exclusive licensee LTI under the marks ACTFL, AMERICAN COUNCIL ON THE TEACHING OF FOREIGN LANGUAGES, and numerous associated marks, logos, and slogans, including the following:

**United States Federally Registered Trademarks:**

- **ACTFL** (Registration No. 3039565) in International Class 35 for *Association services, namely promoting the interests of foreign language educators and administrators and promoting public awareness of the need for foreign language teaching and learning;*

- **ACTFL OPI** (Registration No. 3039797) in International Class 41 for *Educational services, namely arranging and conducting oral examinations for assessing spoken language proficiency;*

- **ACTFL OPIC** (Registration No. 3986030) in International Class 41 for *Educational services, namely, arranging and conducting online examinations for assessing spoken language proficiency via global computer networks;*

- **OPIC** (Registration No. 3981785) in International Class 35 for *Promoting public awareness of the need for foreign language teaching and learning and conducting an advertising campaign to promote and heighten the public awareness and appreciation of the importance of foreign language teaching and learning;*

- **LEAD WITH LANGUAGES** (Registration No. 4837472) in International Class 35 for *Promoting public awareness of the need for foreign language teaching and learning and conducting an advertising campaign to promote and heighten the public awareness and appreciation of the importance of foreign language teaching and learning;* and

- (Registration No. 8094092) in International Class 35 for *Association services, namely, promoting the interests of foreign language educators and administrators; Promoting public awareness of the need for foreign language teaching and learning.*

**United States Federal Applications:**

- **NATIONAL CENTER FOR LANGUAGE ASSESSMENT** (Application Serial No. 99/102,130) in International Class 41 for *Educational examination services, namely arranging and conducting examinations for assessing foreign language skills and proficiency.*

(collectively, the "ACTFL Registrations").

Certificates of Registration for the registered ACTFL Registrations issued by the United States Patent and Trademark Office ("USPTO") are attached hereto as **Exhibit 1.**

**United States Common Law Marks:**

In addition to the above ACTFL Registrations, ACTFL also owns extensive common law rights in the marks **ACTFL** and **AMERICAN COUNCIL ON THE TEACHING OF FOREIGN LANGUAGES**, both with and without stylization and other design elements, for the ACTFL Goods and Services, including without limitation educational examination services, association services, and the creation, development, and publication of innovative quality research, standards, assessments, publications, and other professional development tools.

Plaintiff ACTFL also owns U.S. common law rights in the following marks used in connection with its tests and testing services:

- **OPI**
- **OPIC**
- **WPT**
- **LPT**
- **RPT**
- **L&RCat**
- **AAPPL**
- **ALIRA**

(the above common law marks together with the marks that are the subject of the ACTFL Registrations are referred to collectively hereinafter as the "ACTFL Marks").

17.     Several of the ACTFL Marks are also registered abroad, including registrations for ACTFL (Registration No. 840485212), ACTFL OPI (Registration No. and 840485204), ACTFL OPIC (Registration No. 840485190), and OPIC (Registration No. 840485220) in Brazil; and

registrations for AAPPL The ACTFL Assessment of Performance Toward Proficiency in Languages (Registration No. 4-0437810-000), L&RCAT ACTFL Computer Adaptive Listening & Reading Test (Registration No. 4-0437811-000), and OPIC ACTFL Oral Proficiency Interview Computer (Registration No. 4-0437812-000), and pending applications for ACTFL American Council on the Teaching of Foreign Language (Application No. VN-4-2020-02777) and LTI Language Testing International (Application No. VN-4-2020-02778) in Vietnam.

18.     Several of the federal registrations in the United States for the ACTFL Marks are "incontestable" under 15 U.S.C. § 1065. *See* Exhibit 1.

19.     ACTFL was founded in 1967 and since then has been supporting and advocating for language teachers and other professionals. Since at least as early as 1977, Plaintiff ACTFL and, more recently, its exclusive licensee, LTI, have offered and promoted a range of ACTFL's Goods and Services under the mark ACTFL.

20.     The ACTFL mark has been in use in commerce and federally registered in the United States for decades. *See Id.* (U.S. Registration No. 3039565 claiming a date of first use in commerce of at least as early as February 1, 1997, and having a registration date of January 10, 2006).

21.     In 2018, ACTFL and LTI entered into the Exclusive License Agreement to supersede the parties' prior 2012 agreement, and wherein ACTFL granted LTI exclusive rights to certain testing services offered under the ACTFL Marks.

22.     Under the' Exclusive License Agreement, LTI is granted an exclusive license to market, use, sell, offer to sell, export or import, display, perform, reproduce, distribute, transmit, modify and administer ACTFL's tests in the commercial, academic and governmental fields,

including an exclusive license to use certain ACTFL Marks.

23.     ACTFL and its exclusive licensee LTI have extensively and continuously promoted ACTFL's Goods and Services, and the ACTFL Marks have become extremely well known in the industry.

24.     ACTFL's standards, assessments, publications, and other professional development tools, including without limitation the ACTFL Proficiency Guidelines (as defined below), are incredibly valuable assets of ACTFL, along with the ACTFL Marks and Plaintiff's rights therein. The ACTFL Proficiency Guidelines are widely recognized for their high quality in the field of assessing functional language ability in both academic and workplace settings, and were developed by Plaintiff for use in connection with ACTFL's assessments. Third-party programs that seek recognition through Plaintiff must use such standards/guidelines as well, and ACTFL regulates and enforces access and terms for use of its ACTFL Proficiency Guidelines through its Terms & Conditions (as defined below).

25.     ACTFL has taken measures to protect its valuable rights in the ACTFL Marks, including expending considerable time and expense to register the above-cited marks with the USPTO and internationally. *See, e.g.,* Exhibit 1.

26.     By reason of ACTFL's registrations and common law rights through its and LTI's extensive use and promotion of the ACTFL Goods and Services under the ACTFL Marks, the ACTFL Marks have acquired significant recognition. Plaintiff ACTFL has a strong, respected, and admired reputation among consumers and the general public, including among residents in the Commonwealth of Viginia and in this district.

27.     LTI is in the business of providing testing services for language skills. LTI is the

exclusive licensee of rights to market, use, sell, offer to sell, export or import, display, perform, reproduce, distribute, transmit, modify and administer ACTFL's tests and to use certain ACTFL Marks in connection therewith.

*Defendants' Infringement of the ACTFL Marks*

28.    Defendant Avant offers similar, competing services as the ACTFL Goods and Services on a for-profit basis, including standards-based assessments of language proficiency and related services (collectively, the "Avant Services").

29.    Defendant Avant is using the ACTFL Marks without authorization in connection with commercial activities to promote and sell the Avant Services including in this State and District.

30.    Defendant Avant's website and other promotional materials feature significant references to ACTFL's original materials which bear the ACTFL Marks, including ACTFL's proficiency guidelines (the "ACTFL Proficiency Guidelines").

31.    Over the years, Defendant Avant frequently referenced that the Avant Services, including training tools and assessments, were "aligned with the ACTFL Proficiency Guidelines" or that such training tools can "increase teachers' ability to accurately score student writing responses and internalize the ACTFL Proficiency Guidelines," despite ACTFL's cease and desist letters to Avant notifying it that such use was unauthorized and amounted to trademark infringement.

32.    Defendant Avant continues to use and/or direct the use of the ACTFL Marks in a manner on its website and third-party websites, including Defendant Global Seal's website, and documents to promote the Avant Services, and/or includes misleading representations about the Avant Services and their connection to ACTFL and its proficiency guidelines in its materials. *See,*

8

*e.g.,* examples of such uses attached hereto as **Exhibit 2**, which, together with any similar uses of the ACTFL Marks and ACTFL Proficiency Guidelines by Defendants not specifically included on Exhibit 2, constitute "Infringing Uses").

- https://cdnprodwpv2.avantassessment.com/wp-content/uploads/STAMP-Rubric.pdf
- https://cdnprodwpv2.avantassessment.com/wp-content/uploads/Reliability-and-Accuracy-of-Ratings-in-the-Writing-and-Speaking-sections-of-STAMP-tests-2022.pdf
- https://www.avantassessment.com/blog/avant-stamp-and-the-actfl-proficiency-guidelines
- https://cdnprodwpv2.avantassessment.com/wp-content/uploads/Credly-Transcript-Sample.pdf
- https://cdnprodwpv2.avantassessment.com/wp-content/uploads/STAMP_Test_Development.pdf
- https://www.avantassessment.com/tag/actfl
- https://www.avantassessment.com/glossary
- https://www.avantassessment.com/guides/coordinator/reporting/stamp
- https://www.youtube.com/watch?v=G-dZopN4WPc
- https://cdnprodwpv2.avantassessment.com/wp-content/uploads/OralProficiencyWorkplacePoster.pdf
- https://theglobalseal.com/qualified-tests
- https://theglobalseal.com/actfl-tests
- https://theglobalseal.com/actfl-language-proficiency-levels
- https://theglobalseal.com/self-assessment
- https://go.avantassessment.com/switch-stamp-mira?hsCtaAttrib=190107097758
- https://www.acenet.edu/National-Guide/Pages/Course.aspx?org=Avant+Assessment&cid=518b4ccb-6508-ed11-82e4-000d3a31783c&oid=f8b8b588-3876-eb11-a812-000d3a3bd56a

33. Certain Infringing Uses, including the webpage at https://www.avantassessment.com/blog/avant-stamp-and-the-actfl-proficiency-guidelines, link directly to ACTFL's Proficiency Guidelines. ACTFL's Proficiency Guidelines include clear terms and disclaimers that such ACTFL Proficiency Guidelines "may be used for non-profit, educational purposes only."

34. The above Infringing Uses and others on the Defendants' websites, documents, and

9

third parties' websites and documents promoting the Avant Services and/or Global Seal's products and services contain far too many references to the ACTFL Marks and the ACTFL Proficiency Guidelines to be considered fair use, and are used for commercial purposes by Avant and Global Seal to promote and sell the Defendants' services, and are not merely referential.

35.     Further, in many instances, the Infringing Uses include false, incorrect, and/or misleading information about Avant's Services as they relate to ACTFL and the ACTFL Goods and Services including the ACTFL Proficiency Guidelines and imply a false relationship, approval, association, or other connection between Plaintiff ACTFL and Defendants.

36.     Over the past several years, Plaintiff ACTFL has contacted Defendant Avant numerous times regarding its unauthorized and infringing uses of the ACTFL Marks and certain materials owned by ACTFL, including the ACTFL Proficiency Guidelines.

37.     Communications from ACTFL to Avant include correspondence sent by ACTFL through its counsel to Avant on or around June 12, 2025, addressing Avant's continued use of the ACTFL Proficiency Guidelines and ACTFL Marks in violation of ACTFL's and its exclusive licensee LTI's rights. ACTFL's June 12, 2025 letter also clearly explains how Defendant's use of the ACTFL Marks and the ACTFL Proficiency Guidelines blatantly violates ACTFL's website Terms & Conditions.  A copy of the June 12, 2025 letter (the "June 12, 2025 Letter") is attached hereto as **Exhibit 3**, and a copy of ACTFL's Terms & Conditions (the "ACTFL Terms & Conditions)", is attached hereto as **Exhibit 4.**

38.     The ACTFL Terms & Conditions specifically state that the ACTFL Proficiency Guidelines "may be used for **non-profit, educational purposes** only, provided that they are reproduced in their entirety, with no alterations, and with credit to ACTFL." (emphasis added).

10

39.     Moreover, ACTFL's website states that "Official ACTFL ratings can only be provided on official ACTFL proficiency tests administered via ACTFL's exclusive licensee, Language Testing International with certified ACTFL raters. Any rating issued by another organization/entity that claims such rating to be an "ACTFL rating" is unofficial and not valid." *See* Exhibit 4 and a screenshot of Plaintiff ACTFL's website at https://www.actfl.org/use-of-actfl-proficiency-guidelines-and-issuing-of-official-actfl-tests, accessed January 28, 2026, attached hereto as **Exhibit 5.** Language on the websites and documents in Exhibit 2, including in some instances continued use of the ACTFL Marks or otherwise misleading and false statements about ACTFL and its guidelines and/or Defendants' relationship to Plaintiff ACTFL, directly conflicts with these statements. *See, e.g.,* Exhibit 2.

40.     Defendant Avant responded to ACTFL's June 12, 2025 Letter on or around June 20, 2025 with correspondence explaining Avant's position that it believes it may offer competing, for-profit services under Defendant's "Avant" brand using the ACTFL Marks and ACTFL's materials, including the ACTFL Proficiency Guidelines.

41.     Defendant Avant did not expeditiously remove the references, including Infringing Uses, Plaintiff raised in its prior letters.  Thus, while Avant appears to have recently updated its website to remove several clear instances of use/infringement of the ACTFL Marks, the Infringing Uses were previously even more widespread and egregious. *See, e.g.,* **Exhibit 6** attached hereto including screenshots of prior iterations of Defendant Avant's website with additional uses of the ACTFL Marks.

42.     Defendant Avant also sent correspondence to counsel for Plaintiff ACTFL on December 8, 2025 further disputing any alleged infringement and raised baseless claims regarding

11

Plaintiff's conduct violating antitrust laws, all while acknowledging that Avant is a competitor and is using the ACTFL Marks.

43.     Defendants are not merely using the ACTFL Marks as classic nominative fair use, but are rather using the ACTFL Marks in commerce to promote their own, competing services which are similar to and overlap with the ACTFL Goods and Services, as well as those offered by LTI subject to its Exclusive License Agreement with ACTFL.  *See, e.g.,* Exhibit 2.

44.     Defendants' use of the ACTFL Marks and ACTFL Proficiency Guidelines in this manner, including as shown in Exhibit 2, violates ACTFL's trademark rights in its ACTFL Marks, including its mark "ACTFL" which is federally registered in the United States and incontestable. *See Id.*

45.     Defendant Avant also includes on its website in connection with its promotion and sale of the Avant Services inaccurate, misleading, and false statements as well as language that directly conflicts and is inconsistent with ACTFL's Terms & Conditions. Such statements misrepresent the relationship between Plaintiff, the ACTFL Marks and ACTFL's Goods and Services, and Avant and the Avant Services. *See, e.g.,* Exhibit 2, which includes webpages which incorrectly paraphrase ACTFL's Proficiency Guidelines, do not properly cite to ACTFL, and/or incorrectly describe Avant's Services and ratings as being "aligned" with the ACTFL Proficiency Guidelines, when this is not the case.

46.     Defendant Global Seal's websites also do not include proper notices regarding ACTFL's trademark rights and include considerably more than necessary as just referential or fair use of the ACTFL Marks. *See, e.g.,* Exhibit 2 including the screenshot of the website at https://theglobalseal.com/actfl-language-proficiency-levels.

47.     Defendants' use of the ACTFL Marks in a manner that implies a relationship or other association between ACTFL and Avant and/or Global Seal, and that features inaccurate information, has and will continue to damage Plaintiff's reputation and the goodwill ACTFL has worked to obtain in the ACTFL Marks.

48.     Defendant Avant also claims that it provides an "online teacher training program on the ACTFL Proficiency Guidelines." As a for-profit organization, Defendant is expressly prohibited from making a profit using the ACTFL Proficiency Guidelines including, but not limited to, offering assessment and professional development offerings. Avant's use of the ACTFL Marks to promote such Avant Services, including the "Avant ADVANCE" training, which rely on the ACTFL Proficiency Guidelines, are without permission and in violation of ACTFL's Terms & Conditions and amount to false advertising.

49.     Defendant's unauthorized use of the ACTFL Marks to promote its competing for-profit services also implies that Avant is authorized to offer such services by ACTFL, and/or that Avant is somehow affiliated with, endorsed by, or otherwise associated with ACTFL or its exclusive licensee LTI, when this is not the case.

50.     Defendants' unauthorized uses of the ACTFL Marks described herein largely do not indicate that ACTFL is a registered trademark owned by ACTFL. *See, e.g.,* Exhibit 2.

51.     Defendants' extensive, unpermitted use of the ACTFL Marks for commercial purposes, including to promote Defendants' for-profit training and assessment services in violation of ACTFL's Terms & Conditions and other applicable laws, is not nominative fair use.

52.     Defendants' use of the ACTFL Marks is extensive and not limited to minimal, solely referential uses. Such use is to promote Avant's Services by trading off of ACTFL's goodwill in the

ACTFL Marks and is not non-commercial use. *See Id.*

53.     ACTFL replied to Avant's June 20, 2025 response letter refuting Avant's claims that its use of the ACTFL Marks was fair use and demanding that Defendant Avant cease all infringing uses of the ACTFL Marks and other ACTFL materials, including the ACTFL Proficiency Guidelines in violation of applicable law and the ACTFL Terms & Conditions. Since then, the parties have engaged in unsuccessful negotiations, Avant has sent the above-referenced correspondence in December 2025 with baseless allegations against Plaintiff, and Avant maintains that it should be permitted to continue using the ACTFL Marks despite such rampant violations and despite Avant making certain changes to its website to reference "national" guidelines instead of "ACTFL's" guidelines.

54.     Defendant Avant, with knowledge of ACTFL's rights in the ACTFL Marks, LTI's rights as the exclusive licensee of ACTFL, and that it was violating ACTFL's Terms & Conditions and engaging in false advertising, continued to engage in a deliberate course of conduct designed to appropriate the goodwill associated with the well-known ACTFL Marks and the ACTFL Goods and Services in willful disregard of Plaintiff's rights.

55.     Defendant Global Seal, with knowledge of ACTFL's rights in the ACTFL Marks, and LTI's rights as the exclusive licensee of ACTFL, has intentionally used the well-known ACTFL Marks in willful disregard of Plaintiff's rights to promote both Global Seal's and its founder/sponsor Avant's services.

56.     Defendants' actions have and will continue to irreparably harm ACTFL and LTI by diminishing the reputation and goodwill of the ACTFL Marks and ACTFL Goods and Services.

57.    LTI is damaged by having entered into the Exclusive License Agreement with ACTFL but is not the exclusive user of the ACTFL materials and ACTFL Marks because of Defendants' infringing and illegal uses of the same.

58.    The public association of the ACTFL Marks and ACTFL Goods and Services with a trusted and established non-profit in Plaintiff is so great that Defendants' use of the ACTFL Marks on unauthorized, for-profit products presents a substantial risk to ACTFL's reputation and the validity of its guidelines, tests, and other goods and services offered under the ACTFL Marks.

59.    Defendants' continued use of the ACTFL Marks has and will continue to result in the loss of value of the ACTFL Marks.  Such use does not amount to nominative fair use but is rather willful trademark infringement.

60.    As a result of Defendants' infringing acts or misappropriations, as well as its inaccurate and false statements being made in connection with the ACTFL Marks, Plaintiff has been irreparably damaged and, unless Defendants' infringing activities are enjoined, Plaintiff will continue to suffer irreparable injury and harm to its rights in the ACTFL Marks, as well as to its reputation and goodwill.

## COUNT I
### (Federal Trademark Infringement in Violation of the Lanham Act – 15 U.S.C. § 1114)

61.    Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-60 of this Verified Complaint as if set forth in full.

62.    Defendants' extensive use of the ACTFL Marks to promote their own for-profit services that compete with Plaintiff's and its exclusive licensee's offering of the ACTFL Goods and Services is far beyond what might be permitted as fair use.

15

63.     In many instances, Defendants' uses of the ACTFL Marks do not indicate that ACTFL is the owner of the registered ACTFL Marks and instead suggests that there is an association or affiliation between ACTFL and Avant with no language to the contrary. Defendants are competitors of Plaintiff and its exclusive licensee, and Plaintiff ACTFL has been contacting Avant for years regarding its misuse of ACTFL's intellectual property. *See, e.g.,* Exhibit 3.

64.     Defendants' unauthorized use in commerce of the ACTFL Marks as alleged herein is likely to deceive consumers as to Avant's Services, as well as Global Seal's services and the Avant Services that Global Seal promotes and sells, being associated with or authorized by ACTFL.  It is likely that consumers will believe, contrary to fact, that Defendants' products and services are offered, sold, authorized, endorsed, sponsored, developed by or in connection with, and/or otherwise affiliated with ACTFL, and/or that ACTFL has authorized or licensed the ACTFL Marks for use by Defendants. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

65.     Defendants have committed the foregoing acts of infringement with full knowledge of ACTFL's rights in the ACTFL Marks with the willful intent to trade on ACTFL's goodwill in the ACTFL Marks and the ACTFL Goods and Services.

66.     Defendants continue to use the ACTFL Marks, including in Infringing Uses online, many of which were previously identified by ACTFL in its June 12, 2025 Letter as infringing, and which ACTFL requested be removed. Avant continues to hold itself and the Avant Services out as being associated or affiliated with ACTFL, despite being on notice that such actions violate ACTFL's rights in the ACTFL Marks. *See Id.* Further, Defendant Global

Seal is using the ACTFL Marks to promote and sell its and Avant's products and services. Such actions by Defendants are with the intent and purpose of trading upon the goodwill of the ACTFL Marks and the ACTFL Goods and Services in violation of Plaintiff's rights in the ACTFL Marks, applicable law, and ACTFL's Terms & Conditions.

67.     Defendants' conduct is causing immediate and irreparable harm and injury to ACTFL's goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

### COUNT II
### (Unfair Competition in Violation of the Lanham Act – 15 U.S.C. §§ 1125(a))

68.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-67 of this Verified Complaint as if set forth in full.

69.     Defendants' unauthorized use in commerce of the ACTFL Marks, including to continue to promote Avant's Services on Defendants' websites with statements regarding ACTFL and the ACTFL Goods and Services that are inaccurate and false, constitutes a false or misleading representation of fact that is likely to confuse or deceive consumers and/or cause consumers to believe mistakenly that Avant's Servies are affiliated, connected, associated with, sponsored, approved, or developed by or in connection with ACTFL, when this is not the case.

70.     Defendants are not authorized to use ACTFL's Marks and there is no relationship between Plaintiff and Defendants, but rather Plaintiff and Defendants are competitors in the same field. Defendants' actions therefore constitute unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

71.     Defendants' use in commerce of the ACTFL Marks and ACTFL's materials including the ACTFL Proficiency Guidelines constitutes a violation of ACTFL's Terms &

17

Conditions.  The ACTFL Marks and ACTFL's materials/the ACTFL Goods and Services were created through substantial effort and expense. ACTFL is a non-profit and makes certain materials/the ACTFL Goods and Services available for *non-profit* uses.  *See* Exhibit 4 and *supra* ¶ 32.

72.    Defendants' use of the ACTFL Marks and the ACTFL Proficiency Guidelines along with other materials/ACTFL Goods and Services constitute false representations that Defendants have some connection or association with, or is sponsored or endorsed by, ACTFL and/or that the ACTFL Marks have been authorized or licensed for use by Defendants by ACTFL when in fact LTI is the exclusive licensee of ACTFL's materials and ACTFL Marks.

73.    Said actions of Defendants constitute violations of 15 U.S.C. §1125(a) in that such false designation and representations of association with ACTFL are used on or in connection with Avant's and Global Seal's competing, for-profit services that Defendants cause to enter into, or to affect commerce.

74.    Defendants have used and are continuing to use the ACTFL Marks with full knowledge of Plaintiff's rights in the same, and after ACTFL notified Avant to cease use of its ACTFL Marks and other ACTFL materials. *See, e.g.,* Exhibit 3.  Upon information and belief, said actions by Defendants are with an intent and purpose to trade upon the goodwill of ACTFL and the ACTFL Marks, and are thus willful and deliberate.

75.    Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff.  Plaintiff ACTFL's goodwill and reputation will continue to be damaged, and the public will be confused as to the association between Plaintiff and Defendants unless Defendants are enjoined by this court. Plaintiff has no adequate remedy at law.

## COUNT III
### (False Advertising in Violation of the Lanham Act – 15 U.S.C. § 1125(a)(1)(B))

76.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-75 of this Verified Complaint as if set forth in full.

77.     Defendants' conduct as described herein includes false or misleading descriptions or representations of fact that misrepresent the nature, characteristics, and qualities of Avant's Services and Global Seal's services – namely, that such services are endorsed by, "align" with, or otherwise include accurate information regarding ACTFL's Goods and Services including ACTFL's Proficiency Guidelines, when this is not the case. Such misrepresentations have been made in commercial advertising or promotion, including in extensive promotional materials on Defendants' websites and in documents accessible online. *See* Exhibit 2 and *supra* ¶¶ 28, 33.

78.     Upon information and belief, Defendants included the ACTFL Marks on their websites and made misrepresentations about the Avant Services and their relationship with ACTFL and the ACTFL Goods and Services with the intent and purpose of influencing consumers to buy Defendants' goods and services.

79.     Defendants' promotional materials including their websites are provided to the public as well as actual and target consumers of Plaintiff, as Defendants operate in the same industry and offers services that compete with the ACTFL Goods and Services.   Thus, Defendant's infringing materials were disseminated to the relevant purchasing public and others in the industry.

80.      Defendants' intentional conduct to misrepresent the nature of their own

services, and Defendant Global Seal's representation of Avant's Services that it promotes, and using the ACTFL Marks to do so and to imply a non-existent relationship or association between Plaintiff and Defendants amounts to false advertising.

81.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff.  Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff ACTFL's goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## COUNT IV
### (Virginia Trademark Infringement)

82.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-81 of this Verified Complaint as if set forth in full.

83.     Defendants' unauthorized use in commerce of the ACTFL Marks is likely to result in confusion, deception or mistake as to a non-existent association, affiliation and authorization, and therefore constitutes an infringement of the ACTFL Marks pursuant to VA Code §59.1-92.12.

84.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff and to ACTFL's goodwill and reputation in its brand and the ACTFL Goods and Services, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## COUNT V
### (Unfair Competition Under Virginia Common Law)

85.     Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1-84 of this Verified Complaint as if set out in full.

20

86. Defendants' use of the ACTFL Marks is being done with the intent to promote and pass off Avant's Services and/or Global Seal's services (and its promotion of Avant's Services) as having been approved, endorsed, developed by, or otherwise affiliated or associated with ACTFL to trade on the goodwill created by Plaintiff in the ACTFL Marks. Such use has continued in bad faith despite Defendant Avant being notified that such use must cease. *See, e.g.,* Exhibit 3.

87. Upon information and belief, Defendants also intentionally included false, misleading, and/or inconsistent information on their websites to indicate that Avant's Services "align" with or are otherwise associated or affiliated with ACTFL and the ACTFL Goods and Services, including the ACTFL Proficiency Guidelines and using the ACTFL Marks, when this is not the case.

88. Defendants' unauthorized use of the ACTFL Marks and other ACTFL materials constitutes the common law tort of unfair competition.

89. Unless restrained by this Court, Defendants' actions will cause irreparable injury to Plaintiff.

90. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff. Defendants' conduct is causing immediate and irreparable harm and injury to ACTFL's goodwill and reputation in the ACTFL Marks and the ACTFL Goods and Services and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

91. Plaintiff requests trial by jury for all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

92.    That Defendants' and Defendants' respective directors, officers, agents and employees, successors and assigns, and Defendants' affiliates and their respective directors, officers, agents and employees, successors and assigns, and all others acting in knowing concert with them, be preliminarily and then permanently restrained and enjoined from:

(i)  offering, marketing, advertising, displaying, selling, or otherwise providing the Avant Services, Global Seal's goods and services, or any related goods or services using the ACTFL Marks or any variations thereof in a manner which is likely to cause confusion, mistake or deception, including holding out that there is an affiliation or association between ACTFL and Avant and/or Global Seal and/or that Avant's Services are endorsed, authorized, or developed by ACTFL;

(ii)  otherwise infringing the ACTFL Marks;

(iii)  engaging in any other acts of unfair competition or false advertising; and

(iv)  engaging in any deceptive trade practices in the offering of goods or services under the ACTFL Marks.

93.    That Defendants be directed to deliver up for destruction or to transfer, as applicable, all labels, signs, prints, packages, wrappers, receptacles, advertisements, seals, or other materials in its possession or custody and control which display the ACTFL Marks or any other variations thereof.

94.    That Plaintiff be awarded the profits secured by Defendants as a result of their unlawful activities, that said award be trebled as provided by law, and that ACTFL be awarded

damages and prejudgment interest under 15 U.S.C. §1117(b)(2) in an amount determined by the Court for willful infringement.

95.     That Plaintiff be awarded punitive damages in such amount as the Court and jury shall find sufficient to deter Defendants' willful, unlawful conduct.

96.     That Defendants be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendants' compliance with the Court's order.

97.     That Plaintiff have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.


Respectfully submitted,

By: /s/ *Richard T. Matthews*
      Richard T. Matthews
      Virginia State Bar No. 71241
      Counsel for Plaintiff
      WILLIAMS MULLEN
      301 Fayetteville St., Suite 301
      Raleigh, NC 27612
      Telephone: (919) 981-4070
      Facsimile: (919) 981-4300
      rmatthews@williamsmullen.com

**VERIFICATION**

I, Lawrence Paska, Executive Director for the American Council on the Teaching of Foreign Languages ("ACTFL"), hereby declare that I have read this ACTFL's Verified Complaint against Defendants filed concurrently with this Verification, and know the contents thereof to be true based on my own personal knowledge, except as to such matters therein based on information and belief, and as to these matters, I believe them to be true.  Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 29th day of January, 2026.

By:   _____
      Lawrence M. Paska, Ph.D., CAE
      Executive Director, ACTFL

24